UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAEVON PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-311 SEP |
| | ) | |
| JOHN PICKENS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER OF TRANSFER**

This matter is before the Court upon review of *pro se* Plaintiff Raevon Parker's civil rights complaint and his motion to proceed *in forma pauperis* in this matter. ECF Nos. [1], [2]. Based on the financial information submitted in support of the motion to proceed *in forma pauperis*, the motion will be provisionally granted. Because venue is not proper in this Court, however, this case will be transferred to the United States District Court for the Western District of Missouri.

According to Plaintiff's complaint and attachments, he was arrested by police for possession of marijuana on the Amtrak train platform in Kansas City, Missouri, on both February 4, 2019, and August 5, 2019. ECF Nos. [1] at 5, [1-1] at 7-14. He brings this civil rights lawsuit against four Kansas City police officers involved in those arrests, alleging unlawful search and seizure, unlawful arrest, and violations of his due process rights.

It is unclear from Plaintiff's complaint in which state he resides. Plaintiff provided addresses in both Beverly Hills, California, and St. Louis, Missouri. *See* ECF No. [1] at 2. Apparently, he was traveling between California and Missouri at the time of the arrests at issue. It is clear, though, that all four named defendants are police officers in Kansas City, Missouri, and that the arrests occurred in Kansas City, Missouri. *Id.* at 3-5. Kansas City, Missouri, is in

Jackson County, which is part of the Western District of Missouri. ECF No. [1-1] at 8; 28 U.S.C. § 105(b)(1).

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction.

Plaintiff has alleged no basis for venue being proper in this Court. Plaintiff alleges no act or omission occurring within the jurisdictional boundaries of this Court; nor does he allege that Defendants reside within this district. Defendants are police officers in the Western District of Missouri, and all of wrongful acts alleged in the complaint occurred in that district. None of the requirements of § 1391(b) is met in this district. Accordingly, venue in the Eastern District of Missouri is not proper. *See also* ECF No. [1-1] at 4 (indicating Plaintiff's case no. 1922-CC00906, filed in St. Louis City Court, against Kansas City Police Department was dismissed for improper venue).

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the district court can either dismiss the action, or, if it is in the interest of justice, the court can transfer the case to any district or division in which it could have been brought. Here, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. [2]) is provisionally granted, subject to modification by the United States District Court for the Western District of Missouri.

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

Dated this  5th  day of March, 2020.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE